**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1116C
(Filed: November 12, 2015)
NOT FOR PUBLICATION

**FILED**
NOV 1 2 2015
U.S. COURT OF
FEDERAL CLAIMS

_____
                              )
CARY A. ZOLMAN,               )
                              )
    *Pro Se* Plaintiff,    )
                              )
v.                            )   Pro Se; Sua Sponte Dismissal; Lack of
                              )   Subject Matter Jurisdiction
THE UNITED STATES,            )
                              )
    Defendant.             )
                              )
_____)

### ORDER OF DISMISSAL

    The court is in receipt of the complaint filed on October 5, 2015 by pro se plaintiff Cary Zolman.[1] Mr. Zolman asserts that he is entitled to $894,286.59 plus legal fees as damages for alleged fraud, felony theft, and due process violations arising from the Internal Revenue Service's ("IRS") collection of taxes. Mr. Zolman also asserts that he is a "legal non tax payer (American National)." Compl. 1.

    A plaintiff has the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See, e.g., Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Although a pro se plaintiff is held to less stringent pleading standards, the plaintiff must still demonstrate that the court has jurisdiction to hear their claim. See, e.g., Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted).

    "[T]his court's jurisdiction under the Internal Revenue Code is generally limited to the adjudication of tax refund suits." Dawveed v. United States, No. 14-247, 2014 WL 1499145, at *1 (Fed. Cl. Apr. 15, 2014) (citing 26 U.S.C. § 7422); see also Cooper v.

---

[1] Mr. Zolman also filed a motion to proceed in forma pauperis. Mr. Zolman's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of filing the complaint.

United States, 123 Fed. Cl. 226 (2015) ("The [Internal Revenue Code] does not authorize taxpayers to challenge the IRS's imposition of a levy in the Court of Federal Claims." (citing 26 U.S.C. §§ 6330-31)).  In a tax refund suit, "the taxpayer must first (1) pay the full amount of taxes in dispute, . . . (2) file a timely claim for refund with the IRS, 26 U.S.C. § 7422, and (3) file a timely complaint subsequent to the submission of the claim for a refund, 26 U.S.C. § 6532."  Rogers v. United States, 66 F. App'x 195, 198 (Fed. Cir. 2003) (per curiam).  Mr. Zolman's filings make clear that he did not file a timely claim for a refund with the IRS.  See Compl. Ex. 4 (stamped "Exhibit B").  Therefore, Mr. Zolman's complaint fails to meet the jurisdictional prerequisites for a tax refund claim.  See also Diamond v. United States, 603 F. App'x 947, 950 (Fed. Cir. Feb. 10, 2015) (per curiam) (citing Chicago Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994)).

      Mr. Zolman's other claims must also be dismissed for lack of jurisdiction.  The Tucker Act, 28 U.S.C. § 1491, grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (emphasis added).  However, the Tucker Act does not create substantive rights; it only waives sovereign immunity for claims premised on other sources of law that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."  Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)).  Therefore, this court lacks jurisdiction to hear Mr. Zolman's criminal or tort claims.  In addition, claims for damages resulting from unauthorized collection actions or failure to release a lien must be filed in a federal district court.  See 26 U.S.C. §§ 7432-33; Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam).  Finally, this court lacks jurisdiction to hear Mr. Zolman's due process claim because "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."  Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)).

      Therefore, because this court lacks jurisdiction, Mr. Zolman's complaint is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Judge